UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRANDON L., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | CASE NO. C20-1666-BAT <br><br> **ORDER REVERSING THE COMMISSIONER'S FINAL DECISION AND REMANDING** |

Plaintiff appeals the ALJ's decision finding him not disabled. The ALJ found chronic fatigue syndrome, post-viral fatigue syndrome, migraines, sleep disorder, and obesity are severe impairments; Plaintiff has the residual functional capacity (RFC) to perform sedentary work subject to a series of further limitations; and Plaintiff is not disabled because he can perform jobs in the national economy. Tr. 13-27.

Plaintiff contends the ALJ misevaluated two medical opinions and erroneously discounted his testimony and the testimony of two lay witnesses. Dkt. 16. For the reasons below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

ORDER REVERSING THE COMMISSIONER'S FINAL DECISION
AND REMANDING - 1

**DISCUSSION**

The Court may reverse the Commissioner's denial of Social Security benefits only if the ALJ's decision is legally erroneous or not supported by substantial evidence. *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017).

A.   **Medical Opinions**

Under 20 C.F.R. § 416.920c(b)(2), (c), the ALJ considers the persuasiveness of the medical opinion using five factors (supportability, consistency, relationship with claimant, specialization, and other), with supportability and consistency being the two most important factors. The decision must explain how the ALJ considered the factors of supportability and consistency, 20 C.F.R. § 416.920c(b), and must be supported by substantial evidence.

   1.   *Ryan Maves, M.D. and Jason DeSadier, DO*

In a treating source statement issued on July 26, 2019, Dr. Maves opined Plaintiff "will require ongoing chronic in-home health care," cannot perform "even … sedentary computer-based work," "requires the use of a cane to assist with mobility," and has "extremely limiting" fatigue. Tr. 1243. Dr. Maves noted "[e]valuation for reversible causes has been unrevealing" and indicated Plaintiff was "recently designated as having 100% total and permanent disability from the Veterans Administration." *Id*. Similarly, Dr. DeSadier opined on November 6, 2018, Plaintiff has, among other things, "[d]ebilitating fatigue," which contributes to "[p]oor attention," an "[i]nability to concentrate," "[f]orgetfulness," and "[c]onfusion," and "limit[s] [Plaintiff's] ability to perform any activities of daily living or perform any tasks at work." Tr. 1299-1301. The ALJ found both opinions "unpersuasive." Tr. 24.

The ALJ discounted the doctors' opinions as "inconsistent with the claimant's longitudinal record, discussed above, suggesting that, although his capacity for walking on a

sustained basis is restricted, the remainder of his physical functioning was not seriously impaired." Tr. 24. To say the opinions is inconsistent with the longitudinal record is a conclusion not an explanation setting forth why the doctors are incorrect in their opinions that Plaintiff's "extremely limiting" fatigue or the requirement for "chronic in-home care." *See Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (rather than merely stating his conclusions, an ALJ "must set forth his own interpretations and explain why they, rather than the doctors', are correct") (citing *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)).

The ALJ also discounted the doctors' opinions as "vague," finding they offered "nonspecific limitations" that "do not allow for meaningful review." Tr. 24.  However, the ALJ in a social security case has an independent duty to fully and fairly develop the record and to assure the claimant's interests are considered. *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (cleaned up). "Ambiguous evidence, or the ALJ's own finding that the record is inadequate to allow for proper evaluation of the evidence, triggers the ALJ's duty to conduct an appropriate inquiry." *Id*. (cleaned up). The ALJ's finding was too vague for meaningful review thus required the ALJ to develop the record by recontacting the doctors, one of whom had treated Plaintiff since 2016, rather than simply reject the opinions.  In sum the ALJ harmfully erred by discounting the doctors' opinions and the doctors' opinions must be reassessed on remand.

B. **Plaintiff's Testimony and Lay Testimony**

The ALJ summarized the allegations Plaintiff made in his physical function questionnaire and indicated Plaintiff's testimony was "generally consistent with his earlier allegations." Tr. 19-20. The ALJ found Plaintiff presented objective medical evidence establishing underlying impairments that could cause the symptoms alleged and did not find he was malingering. The

ALJ was thus required to provide "specific, clear, and convincing" reasons supported by substantial evidence to discount Plaintiff's testimony. *Trevizo*, 871 F.3d at 678.

The ALJ discounted Plaintiff's testimony as inconsistent with the medical record. *See, e.g.*, Tr. 23 ("Accordingly, I find that the claimant's allegations are not entirely consistent with the medical evidence[.]"). The ALJ discounted the lay witnesses' testimony as duplicative of Plaintiff's testimony. *See, e.g.*, Tr. 20. However, because the ALJ erred in assessing the opinions of Dr. Maves and Dr. DeSadier, and must reassess these opinions, the ALJ must remand also reassess the testimony of Plaintiff and lay witnesses.

## CONCLUSION

Plaintiff contends the Court should remand for an immediate award of benefits should the Court find the ALJ harmfully erred. Remand for benefits should be granted only in a rare case and this is not such a case. The medical opinions, Plaintiff's testimony, and the lay witness testimony must be reweighed and developed further. The Court cannot develop the record and reweigh evidence in the first instance on appeal. Further proceedings are thus not only helpful to but necessary. Further, because the Court finds non-constitutional error calls for the case to be remanded, the Court declines to the constitutional argument raised for the first time in his reply brief. *See PDK Labs. Inc. v. DEA*, 362 F.3d 786, 799 (D.C. Cir. 2004) ("[I]f it is not necessary to decide more, it is necessary not to decide more.") (Roberts, J., concurring in part and concurring in the judgment).

Accordingly, the Court **ORDERS** the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

On remand, the ALJ shall reevaluate the opinions of Dr. Maves and Dr. DeSadier, reassess Plaintiff's testimony and the lay witness testimony, develop the record and redetermine the RFC as needed, and proceed to the remaining steps as appropriate.

DATED this 24th day of August 2021.

BRIAN A. TSUCHIDA
United States Magistrate Judge